**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 19-cr-00227-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. CRAIG MICHAEL PEARSON,
2. LUIS FABIAN ORTIZ,
3. JESUS ADRIAN PADILLA-ECHEVERRIA,
        and
4. LUIS RENE ZAVALA-ACOSTA,

    Defendants.

---

**PROTECTIVE ORDER REGARDING DIGITAL DEVICE
EXTRACTIONS AND ASSOCIATED REPORTS**

---

THE COURT has received, read, and reviewed the Government's Unopposed Motion for Protective Order Regarding Digital Device Extractions and Associated Reports filed June 27, 2019, concerning the use, custody, and circulation of digital device extractions and associated reports in this case.

Fed. R. Crim. P. 16(d)(1) gives the Court broad authorization to issue an appropriate Protective Order governing discovery: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Contact information for, photographs of, and private conversations with family members and associates not related to the criminal conduct in this case are matters each defendant may reasonably wish to protect from unnecessary dissemination. These sorts

of materials and information are susceptible to misuse and abuse. Provision of these materials to individuals who do not need the materials to further the legal defense of the defendants in this case could pose an undue risk to the privacy or safety of the defendants or people they care about.

The Court finds and concludes that the interest in protecting the defendants' privacy interests and those of other witnesses involved in this case have some merit, that the burden on all parties in controlling the dissemination of such material disclosed to the defense directed below is not unreasonably burdensome, and that the procedures outlined herein will adequately safeguard the concerned parties' privacy and safety interests.

Being now sufficiently advised in the premises, the Court finds and concludes that it is in the best interests of justice to grant the government's motion.

THEREFORE, IT IS ORDERED as follows:

The Government's Unopposed Motion for Protective Order Regarding Digital Device Extractions and Associated Reports is granted.

1.    All cell phone, computer, or digital storage extractions and associated reports pertaining to another defendant in this case shall be used only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose.

2.    To designate material covered by this Protective Order, the parties shall so designate, on the material itself, in an accompanying cover letter, or on a disc covered with the following designation: "SENSITIVE INFORMATION – SUBJECT TO PROTECTIVE ORDER [Doc ___]."

3. Where a defendant has been detained pending trial pursuant to 18 U.S.C. §§ 3142 or 3145, the defendant shall review all discovery contemplated by this order with his attorneys or designated agents of the defense team. The defendant will not be permitted to possess the discovery contemplated by this order when his attorneys or agents of his defense team are not present.

4. Where a defendant is on bond, the material may be reviewed under the supervision of the defense attorneys who have entered their appearance in this case, their associates, and the confidential employees or assistants working with such defense attorneys. The material will not be entrusted to the care and custody of the defendant without such supervision. Defendants on bond are not to e-mail, print, or duplicate the material.

5. With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the government come to a specific understanding to the contrary, the cell phone, computer, or digital storage extractions and associated reports pertaining to another defendant in this case shall not be copied, reproduced, published, or publicly circulated by the defense without further order of Court or until such material is used in judicial proceedings at the time of trial or in official hearings or proceedings related to this case.

6. In the event the defense and the government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may exempt such material by mutual agreement. Conversely, if the parties cannot agree on redaction as an appropriate remedy for some of the material, they will seek a ruling by the Court. Similarly, in the event the defense and government disagree or are

3

unclear about the meaning or application of this Order with respect to some document, digital file, or other material in this case, the parties may bring the issue to the attention of the Court.

7. At the conclusion of the case (to include any appeal or collateral attack pursuant to 28 U.S.C. § 2255), all cell phone, computer, or digital storage extractions and associated reports pertaining to another defendant in this case may be returned to the government or disposed of or stored in a manner that prevents unauthorized disclosure, unless directed otherwise by an Order of the Court.

DATED this \_\_\_\_ day of June, 2019.

BY THE COURT:

_____
Hon. Christine M. Arguello
United States District Judge