IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 19-cr-227-CMA

UNITED STATES OF AMERICA,

Plaintiff,

v

3. JESUS ADRIAN PADILLA-ECHEVERRIA

Defendant.

---

**STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY**

---

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, that all representations contained herein are true and correct, and that my attorney has assisted me as I reviewed and completed this form.

1. The nature of the charge(s) against me has been explained to me by my attorney and the Court. I have had an opportunity to discuss with my attorney and with the Court the nature of the charges and the elements which the government is required to prove.

2. I know that when the Court sentences me, the Court will consider many factors. These factors are listed in 18 U.S.C. § 3553 and include (a) the nature and circumstances of the offense and my personal history and characteristics, (b) the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public, and provide me with needed training, care or correctional treatment in the most effective manner, (c) the kinds of sentences available to the court (d) the advisory

1

COURT EXHIBIT 2

sentencing guidelines established by the U.S. Sentencing Commission, (e) the pertinent policy statements of the U.S. Sentencing Commission, (f) the need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct, and (g) the need to provide restitution. No single factor is controlling or determinative. I recognize that it is possible that the Court could, after considering these factors, impose any sentence in my case, including one which is as severe as the maximum term of imprisonment, the maximum fine, full restitution (if applicable), the maximum term of supervised release, and a special assessment, all as set out in paragraph 3 below.

3. I know that the following penalties may be imposed upon me under the law, as a result of my guilty plea to the violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A),: Count Four – distribution and possession with intent to distribute 500 grams and more of methamphetamine and one kilogram and more of heroin; not less than 10 years but not more than life imprisonment; a $10,000,000.00 fine, not less than 5 years supervised release or more than life supervised release; and a $100.00 special assessment fee.

4. I know that if I am convicted of more than one count, the sentences imposed may be either concurrent (served at the same time) or consecutive (served separately or back-to-back) unless the statutory penalty for an offense of conviction expressly requires that a sentence be imposed to run consecutively.

5. I know that in addition to any punishment that the Court may impose, there are collateral consequences to pleading guilty to a crime. These consequences are neither imposed nor controlled by the Court. For example, pleading guilty may result in a loss of civil rights, including but not limited to the rights to possess

firearms, vote, hold elected office, and sit on a jury. And, if I am not a citizen of the United States, these consequences may include deportation from the United States or indefinite confinement if there is no country to which I may be deported, denial of the right to enter the United States in the future and denial of citizenship.

6. I know that if I am given a term of supervised release as a part of my sentence, that supervised release will only begin to run upon my release from custody on all terms of imprisonment imposed by this and any other courts. I understand that any violation of the conditions of that supervised release during its term may lead to an additional prison sentence and additional supervised release being imposed.

7. I know that there is no parole in the federal system and that I will be required to serve the entire sentence of imprisonment which may be imposed in my case, reduced only by such good time and/or program allowances as may be set by Congress and applied by the Bureau of Prisons.

8. I know that if a fine or restitution is imposed as a part of my sentence, I will be required to pay interest on any amount in excess of $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment or unless interest is waived by the Court.

9. I know that if a fine or restitution is imposed as a part of my sentence, I will be required to pay it in a timely manner. Failure to do so may trigger monetary penalties, collection efforts by the government, potential revocation of any probation or supervised release, and/or exposure to prosecution for "Criminal Default" under 18 U.S.C. § 3615.

10. I know that I can be represented by an attorney at every stage of this proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me at the government's expense.

11. I know that I have a right to trial by jury, and I know that if I do plead "not guilty," I can persist in that plea.

12. I know that I have a right to trial by jury, and I know that if I choose to stand trial:

   a) I have a right to the assistance of an attorney at every stage of the proceedings;

   b) I have a right to see and observe the witnesses who testify against me;

   c) My attorney may cross-examine all witnesses who testify against me;

   d) I may call such witnesses as I desire, and I may obtain subpoena to require the attendance and testimony of those witnesses.

   e) If I cannot afford to pay the expense that witnesses incur, the government will pay those expenses, including mileage and travel expenses, and including reasonable fees charged by expert witnesses;

   f) I cannot be forced to incriminate myself and I do not have to decide whether to testify until after I have heard the government's evidence against me;

   g) I can testify at my trial if I choose to, and I do not have to decide whether to testify until after I have heard the government's evidence against me;

    h)     If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my failure to testify;

    i)     The government must prove each and every element of the offense with which I am charged, beyond a reasonable doubt.

    j)     In order for me to be convicted, the jury must reach a unanimous verdict of guilty; and

    k)     If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the cost of the appeal including the cost of the services of an appointed attorney.

13. I know that if I plead guilty, there will not be a trial of any kind.

14. I know that if I plead guilty, there will be no appellate review of the question of whether or not I am guilty of the offense to which I have pled guilty.

15. I know that 18 U.S.C. section 3742 affords me to the right to appeal the sentence, including the manner in which the sentence was imposed. Knowing this, and in exchange for the concessions made by the government in the Plea Agreement, I knowingly and voluntarily waive the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following conditions: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offence level of 35; or (3) the government appeals the sentence imposed. I also knowingly and voluntarily waive the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. section 2255). I know this waiver does not prevent me from seeking relief otherwise available in a collateral attack on any of

the following grounds: (1) I should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) I was deprived the effective assistance of counsel; (3) I was prejudiced by prosecutorial misconduct.

16. No agreements have been reached, and no representations have been made to me as to what the sentence in this case will be, except that which is explicitly detailed in the document entitled Plea Agreement and any supplements to the Plea Agreement, which will be filed with the Court during this proceeding. I further understand that any agreements and stipulations in the document entitled Plea Agreement and any supplements to the Plea Agreement, is binding on the Court <u>only</u> if the parties ask the Court in that document to be so bound, and <u>only</u> if the Court agrees to be so bound when it accepts my plea of guilty.

17. The only plea agreement which has been entered into with the government is that which is set out in the document entitled Plea Agreement and any supplements to the Plea Agreement, which will be filed by the government and me in this case and which I incorporate herein by reference.

18. I understand that the Court can make no decision as to what my sentence will be until the Pre-sentence Report has been received and reviewed by the Court.

19. I know that when I enter my plea of guilty, the Court may ask me questions under oath about the offense to which I have pled guilty. The questions, if asked of me on the record and in the presence of my attorney, must be answered by me, and if I give false answers, I can be prosecuted for perjury.

20. I know that I have the right to ask the Court any questions that I have concerning my rights, these proceedings, and my plea to the charge(s).

21. I am __31__ years of age. My education consists of: __12__ years schooling. I read and understand the Spanish language. I am not taking any medications which interfere with my ability to understand the proceedings in this matter or which impact or affect my ability to choose whether to plead guilty.

22. Other than the promises of the government set out in the document entitled Plea Agreement and any supplements to the Plea Agreement, no promises and no threats of any sort have been made to me by anyone to induce me or to persuade me to enter my plea in this case.

23. No one has promised me that I will receive probation or any other form of leniency because of my plea of guilty.

24. I have had a sufficient opportunity to discuss this case and my intended plea of guilty with my attorney. I do not wish to consult with my attorney any further before I enter my plea of guilty.

25. I am satisfied with my attorney. I believe that I have been represented effectively and competently in this case.

26. My decision to enter the plea of guilty is made after full and careful thought, with the advice of my attorney, and with a full understanding of my rights, the facts and circumstances of the case, and the potential consequences of my plea of guilty. I was not under the influence of any drugs, medication or intoxicants when I made the decision to enter my guilty plea. I am not now under the influence of any drugs, medication or intoxicants.

27. I have no mental reservations concerning the entry of my plea.

28. Insofar as it shows conduct on my part, the summary of the facts set out in the document entitled Plea Agreement, is true and correct, except as I have indicated in that document.

29. I know that I am free to change or delete anything contained in this statement and that I am free to list my objection and my disagreement with anything contained in the document entitled Plea Agreement. I accept all of the documents as they are currently drafted.

30. I know that the following penalties may be imposed upon me under the law, as a result of my guilty plea to the Indictment charging a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), is: Count Four – distribution and possession with intent to distribute 500 grams and more of methamphetamine and one kilogram and more of heroin; not less than 10 years but not more than life imprisonment; a $10,000,000.00 fine, not less than 5 years supervised release or more than life supervised release; and a $100.00 special assessment fee.

31. . If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

This is Page 9 of the document entitled Statement of Defendant in Advance of Plea of Guilty. I have read and understand this and the previous eight (8) pages; and the following Page 10.

DATED this _____ day of October 2019

*[signature]*

Jesus Padilla-Echeverria, Defendant

I certify that I have discussed this statement and the document entitled Plea Agreement and the Plea Agreement Supplement with the Defendant; I certify that I have fully explained to the Defendant his rights, the facts of this case and any possible defenses he may have, and I have assisted him in completing this form. I believe that the Defendant understands the facts of the case, his rights and this statement. I believe there is a factual basis for the plea entered.

Respectfully submitted this ___ day of October 2019.   *[signature]*

Scott Poland
ATTORNEY AT LAW
BY: /s/*Scott Poland*
The Law Offices of Poland & Wheeler, PC
215 S. Wadsworth Blvd., Suite 500
Lakewood, CO 80226
Phone 303-969-8300
Fax 303-986-4857
e-mail: scottpoland@qwestoffice.net